## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE AMERICAN DENTAL PARTNERS, INC. SECURITIES LITIGATION | No. 08-cv-10119-RGS (Consolidated Action) |

### CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Settlement Agreement"), dated as of _December 15_,

2009, is entered into by and among the Settling Parties (as defined herein) by and through their

undersigned attorneys of record. This Settlement Agreement is intended by the Settling Parties

to fully, finally, and forever resolve, discharge, release and settle the Released Claims (as defined

herein) as against the Released Parties (as defined herein), subject to approval of the United

States District Court for the District of Massachusetts (the "Court") pursuant to Rule 23 of the

Federal Rules of Civil Procedure.

**1.**    **Definitions**

As used in this Settlement Agreement, the following terms have the meanings specified

below:

1.1    "Action" shall mean *In re American Dental Partners, Inc. Securities Litigation,*

08-cv-10119-RGS, currently pending in the United States District Court for the District of

Massachusetts.

1.2    "Authorized Claimant" means a Class member who submits a timely and valid

Proof of Claim form to the Claims Administrator.

1.3    "Claims Administrator" means the firm of Administar Services Group, which shall administer the Settlement.

1.4    "Class" shall mean all persons or entities who purchased or acquired common stock of American Dental Partners, Inc. ("ADPI") between and including February 25, 2004 and December 13, 2007 (the "Class Period"). Excluded from the Class are the Defendants; each of ADPI's officers, directors, subsidiaries and affiliates during the Class Period; members of the Defendants' immediate families and their legal representatives, heirs, successors and assigns; any entity in which any of the foregoing have or had a controlling interest; and the directors and officers liability insurance carriers (and any affiliates or subsidiaries thereof) of ADPI. Also excluded from the Class are any putative Class members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

1.5    "Class Counsel" shall mean Grant & Eisenhofer P.A.

1.6    "Class Notice" shall mean a notice of the proposed Settlement to be provided to members of the Class, substantially in the form attached hereto as Exhibit 1 to Exhibit A.

1.7    "Confidentiality Agreement" shall mean the Stipulation and Order of Confidentiality entered by the Court on June 30, 2009.

1.8    "Court" shall mean the United States District Court for the District of Massachusetts.

1.9    "Defendants" shall mean ADPI, Gregory A. Serrao, Breht T. Feigh and Mark W. Vargo.

1.10    "Defendants' Counsel" shall mean Ropes & Gray LLP.

1.11 "Defendants' Insurer" shall mean the insurance company that issued ADPI a Directors, Officers and Corporate Liability Insurance Policy for the policy period April 13, 2007 to April 13, 2008.

1.12 "Escrow Agent" shall mean Grant & Eisenhofer P.A.

1.13 "Final" shall mean that the period for any appeals or petitions for certiorari ("Appeal Proceeding") has expired without the initiation of an Appeal Proceeding, or, if an Appeal Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Appeal Proceeding without a reversal or any material modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand. Notwithstanding any other provision herein, the Final Order and Judgment (defined herein) shall be deemed Final at the time set forth in the preceding sentence even if, at that time, (i) the Court has not yet entered an order regarding the Plan of Allocation or the award of legal fees and expenses to Class Counsel, (ii) an order regarding the Plan of Allocation or the award of legal fees and expenses to Class Counsel has been entered but has not yet become Final, or (iii) an order regarding the Plan of Allocation or the award of legal fees and expenses to Class Counsel has been entered but is modified following an Appeal Proceeding.

1.14 "Final Order and Judgment" shall mean the order of the Court, a proposed form of which is attached as Exhibit B, that shall certify the Class for purposes of this Settlement and approve the Settlement, including the release of all Released Claims against all Released Parties.

1.15 "Lead Plaintiff" shall mean Operating Engineers Construction Industry and Miscellaneous Pension Fund.

1.16 "Plan of Allocation" shall mean the plan approved by the Court for allocating the proceeds of the Settlement Fund among members of the Class.

1.17 "Preliminary Approval Order" shall mean an order, the proposed form of which is attached hereto as Exhibit A, preliminarily approving the Settlement and certifying the Class, and approving the Class Notice and a plan for distributing the Class Notice.

1.18 "Proof of Claim" shall mean the document provided to members of the Class, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which must be submitted by Class members along with such supporting documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon (or such documents or proof as the Claims Administrator in its discretion may deem acceptable), in order to establish their eligibility to participate in the distribution of the Settlement Fund.

1.19 "Released Claims" shall mean any and all claims, rights, demands, suits, matters, issues, actions or causes of action, liabilities, damages, losses, obligations and judgments of any kind or nature whatsoever, whether contingent or absolute, disclosed or undisclosed, suspected or unsuspected, matured or unmatured, that have been, could have been, or in the future might be asserted in this Action or in any court, tribunal or proceeding by Lead Plaintiff or any other member of the Class, whether in an individual, class, direct, derivative, representative, legal, equitable, or any other type of capacity, against any of the Released Parties (defined herein), whether under state or federal law, including but not limited to the federal securities or antitrust laws (except for the rights conferred by this Settlement), in connection with the purchase, sale or acquisition of ADPI common stock during the Class Period, and that arise out of, or that relate in any way to the acts, facts, or events alleged in the Action or any claim that was or could have been brought in the Action. The Released Claims shall include Unknown Claims, as defined below in Section 1.28.

1.20 "Released Defendants' Claims" shall mean any and all claims of any nature whatsoever under federal or state law (including all actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity), that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against Lead Plaintiff, other Class members, or their attorneys, which arise out of the institution, prosecution, or settlement of the Action (except for claims to enforce the terms and conditions of the Settlement Agreement).

1.21 "Released Parties" shall mean Lead Plaintiff, Defendants, Defendants' Insurer and their respective affiliates, agents, employees, attorneys, representatives, advisors, heirs, executors, estates, administrators, successors-in-interest, assigns, insurers, accountants, or investment advisors.

1.22 "Settlement" shall mean the settlement to be consummated under this Settlement Agreement pursuant to the Final Order and Judgment.

1.23 "Settlement Amount" shall have the meaning set forth in Section 2.1 below.

1.24 "Settlement Fund" shall mean the principal amount of the Settlement Amount plus any accrued interest.

1.25 "Settlement Fund Account" shall mean the account that the Escrow Agent shall establish at a federally insured financial institution and into which the Settlement Amount shall be deposited.

1.26 "Settling Parties" shall mean Lead Plaintiff and Defendants, as the signatories to this Settlement Agreement.

1.27  "Summary Notice" shall mean the summary notice of proposed Settlement and hearing for publication, substantially in the form attached as Exhibit 3 to Exhibit A.

1.28  "Unknown Claims" shall mean any and all Released Claims which Lead Plaintiff, any Class member or any Defendant does not know or suspect to exist in his, her or its favor at the time the releases called for in this Settlement Agreement are granted, which, if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, Lead Plaintiff and Defendants stipulate and agree that upon entry of the Final Order and Judgment, Lead Plaintiff and Defendants shall have, and each Class member shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and other Class members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

2.        **Consideration and Releases**

2.1    Not later than thirty days after the entry of the Preliminary Approval Order, Defendants' Insurer, on behalf of the Defendants, shall pay $6,000,000.00 (the "Settlement Amount") to the Settlement Fund Account. Defendants shall have no obligation to make any or all of the payment set forth in the prior sentence in the event that the Defendants' Insurer fails to comply with its obligations set forth in this Section. If the Settlement Amount is not paid in full

to the Settlement Fund Account within the time specified in this paragraph, the Settlement Agreement shall automatically terminate upon the expiration of the thirtieth day following entry of the Preliminary Approval Order and the termination provisions of Section 9.4 shall apply.

2.2     Effective upon the entry of the Final Order and Judgment by the Court, Lead Plaintiff on behalf of itself and on behalf of the Class absolutely and unconditionally releases and forever discharges the Defendants from the Released Claims, except that the release shall not include claims relating to the obligations set forth in this Settlement Agreement.

2.3     Effective upon the entry of the Final Order and Judgment by the Court, Defendants and their agents absolutely and unconditionally release and forever discharge Lead Plaintiff, other Class members, and their attorneys from the Released Defendants' Claims, except that the release shall not include claims relating to the obligations set forth in this Settlement Agreement.

2.4     Lead Plaintiff covenants and agrees on its own behalf, and on behalf of the Class: (i) not to file against any of the Released Parties any claim based on, related to, or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims against any of the Released Parties. Lead Plaintiff also agrees that the Released Parties shall be discharged from all claims for contribution arising out of the Released Claims, as provided for by the bar order in the Final Order and Judgment.

2.5     Defendants and Defendants' Insurer covenant and agree: (i) not to file against Lead Plaintiff, any Class member or their attorneys any claim based on, related to, or arising from any Released Defendants' Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims against Lead Plaintiff, any Class member or their attorneys.

3.            **Approval of the Settlement by the Court**

The Settlement Agreement shall be Final when each of the following conditions has been satisfied or waived.

3.1    The Settlement Agreement shall have been approved by the Court. Lead Plaintiff shall move the Court for an order and judgment approving this Settlement Agreement under the terms contemplated herein. Lead Plaintiff, Defendants, and Defendants' Insurer shall cooperate in good faith, including by taking all steps and efforts contemplated by this Settlement Agreement and any other steps or efforts which may become necessary by order of the Court (unless such order materially modifies the terms of this Settlement Agreement), to carry out this Settlement Agreement, including the following:

3.1.1    As soon as reasonably possible upon the full execution of this Settlement Agreement by Lead Plaintiff and Defendants, Lead Plaintiff will file a motion with the Court for an order preliminarily approving the Settlement, *i.e.*, the Preliminary Approval Order, in the form attached hereto as Exhibit A;

3.1.2    Upon filing the motion for the Preliminary Approval Order, Lead Plaintiff will also request a stay of the Action pending the Court's decision on the motion.

3.1.3    On the date and in the manner set by the Court in its Preliminary Approval Order, Lead Plaintiff shall cause the Class Notice to be transmitted in the form and manner approved by the Court as directed in the Preliminary Approval Order and the Summary Notice to be published in the form and manner approved by the Court as directed in the Preliminary Approval Order.

3.1.3    It is acknowledged by the Settling Parties that on or after the date set by the Court for the Fairness Hearing, the Court will determine: (i) whether to enter the Final

Order and Judgment certifying the Class for purposes of this Settlement and approving the Settlement Agreement; (ii) whether the distribution of the Settlement Amount as provided in the Plan of Allocation should be approved; and (iii) the amount of attorneys' fees and reimbursements of costs and expenses to be awarded to Class Counsel from the Settlement Fund.

3.2    The Court enters the Final Order and Judgment, substantially in the form attached hereto as Exhibit B, or the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elects to terminate this Settlement under Section 9 below.

3.3    The Final Order and Judgment or an Alternative Judgment becomes Final under Section 1.13 above.

4.    **Settlement Administration and Distribution**

4.1    The Escrow Agent shall establish at a federally-insured financial institution ("Financial Institution") the Settlement Fund Account which shall be considered a common fund created in connection with the Action.  All funds held by the Escrow Agent in the Settlement Fund Account pursuant to this Settlement Agreement shall be deemed and considered to be in the legal custody of the Court until such time as such funds shall be distributed pursuant to further order(s) of the Court or pursuant to the terms of this Settlement.

4.2    The Settlement Fund Account, net of any Taxes (as defined in Section 4.4) on the income thereof, shall be used to pay (i) the costs of notice and administration for the Settlement referred to in Section 4.5 below, (ii) the attorneys' fee and expense award referred to in Section 5.1 below, and (iii) the remaining administration expenses referred to in Section 4.11 below. The balance of the Settlement Fund Account shall be the "Net Settlement Fund Account."  The

Net Settlement Fund Account shall be distributed to the Authorized Claimants as provided in Sections 4.7 through 4.9 below. The Escrow Agent shall invest any funds held in escrow in the Settlement Fund Account only in United States Treasury securities and/or securities of United States agencies backed by the full faith and credit of the United States Treasury, or mutual funds or money market accounts that invest exclusively in the foregoing securities. The Escrow Agent may retain up to $250,000 of the Settlement Fund in a bank account at the Financial Institution for the purpose of paying expenses associated with the administration of the Settlement.

4.3     The Settling Parties agree that the Settlement Fund Account is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that the Claims Administrator shall be the "administrator" of the Settlement Fund Account within the meaning of Treasury Regulation §1.468B-2(k)(3), and shall be responsible for filing tax returns for the Settlement Fund Account and paying from the Settlement Fund Account any Taxes owed with respect to the Settlement Fund Account. The parties hereto agree that the Settlement Fund Account shall all be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the Settlement Fund Account as a Qualified Settlement Fund from the earliest date possible. Defendants' Counsel agrees to provide promptly to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e).

4.4     All (i) taxes on the income of the Settlement Fund Account and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund Account (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Settlement Fund Account, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior order of the Court.

4.5    The Escrow Agent shall direct the Financial Institution in writing to disburse from the Settlement Fund Account, without further approval from the Defendants, amounts for the payment of the reasonable costs and expenses associated with identifying members of the Class and effectuating mailing of the Class Notice and publication of the Summary Notice, and the administration of the Settlement, including without limitation, the actual costs of publication, printing and mailing the Class Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. If the Settlement Agreement is terminated for any reason, or the Final Order and Judgment is not approved or entered, the Escrow Agent shall have no obligation to reimburse to the Settlement Fund Account the costs of the Class Notice, or other costs or expenses of the Settlement Fund charged to the Settlement Fund.

4.6    The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court.  Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration. Defendants and their counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including undertaking reasonable efforts to cooperate in the production of information with respect to the identification of Class members from ADPI's shareholder transfer records.

4.7    Class Counsel shall propose to the Court, and the Court shall approve in its discretion, a Plan of Allocation that shall provide for the allocation of the Settlement Fund.  The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund Account based upon each Authorized Claimant's Recognized Claim (as defined

in the Plan of Allocation described in the Class Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves).

4.8    The Plan of Allocation proposed in the Class Notice is not a necessary term of this Settlement, and it is not a condition of this Settlement Agreement that any particular Plan of Allocation be approved.

4.9    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund Account based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants. This is not a claims-made settlement. The entire Net Settlement Fund Account shall be distributed to the Authorized Claimants. The Defendants shall not be entitled to get back any of the settlement monies once the Settlement becomes Final. The Defendants shall have no involvement in reviewing or challenging claims.

4.10    Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund Account but will otherwise be bound by all of the terms of this Settlement Agreement and the Settlement, including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

4.11    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Settlement is Final, directing payment of the Net Settlement Fund Account to Authorized Claimants.

4.12    The Claims Administrator shall process the Proofs of Claim and, after entry of the Class Distribution Order, distribute the Net Settlement Fund Account to the Authorized Claimants. Except for the obligations to pay the Settlement Amount, and to exercise reasonable efforts to cooperate in the production of information with respect to the identification of Class members from ADPI's shareholder transfer records, Defendants shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund Account. Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deems to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

4.13    For purposes of determining the extent, if any, to which a Class member shall be entitled to be treated as an "Authorized Claimant", the following conditions shall apply:

4.13.1 Each Class member shall be required to submit a Proof of Claim supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

4.13.2 All Proofs of Claim must be submitted by the date specified in the Notice, unless such period is extended by Order of the Court. Any Class member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Settlement (unless, by Order of the Court, a later submitted Proof of Claim by such Class member is approved), but shall in all other respects be bound by all of the terms of this Settlement, including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

4.13.3 Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Settlement and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to Section 4.13.5 below;

4.13.4 Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to attempt to remedy the curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, each claimant whose Proof of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of Section 4.13.5 below;

4.13.5 If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in Section 4.13.4 above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise

resolved, the Claims Administrator will notify Class Counsel and, upon receipt of notification, Class Counsel will present the request for review to the Court; and

4.13.6 The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

4.14    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class member and the validity and amount of the claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.15    Payment pursuant to this Settlement shall be deemed final and conclusive against all Class members. All Class members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund Account, but otherwise shall be bound by all of the terms of this Settlement Agreement and the Settlement, including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

4.16    All proceedings with respect to the administration, processing and determination of claims described by Section 4.13 of this Settlement Agreement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

4.17    The Net Settlement Fund Account shall be distributed to Authorized Claimants by the Claims Administrator only after the Settlement is Final and after: (i) all Proofs of Claim have been processed, and all claimants whose Proofs of Claim have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed Proofs of Claim have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

## 5.    Attorneys' Fees and Expenses

5.1    Class Counsel shall apply to the Court for an award from the Settlement Fund of attorneys' fees not to exceed 22.5% of the Settlement Amount, and, separate and apart from the attorneys' fees, compensation for out of pocket expenses from the Settlement Fund. Immediately upon an award of attorneys' fees and expenses by the Court, Class Counsel shall receive payment of such award from the Settlement Fund, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the obligation of Class Counsel to refund to the Settlement Fund, within ten (10) days notice in writing from the Defendants, the amount received plus accrued interest at the rate paid on the Escrow Account by the financial institution holding it, if and when, as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the fee or expense award is reduced or reversed, if the award order does not become final, if the Settlement itself is voided by any party as provided herein, or if the Settlement is later reversed or modified by any court.

16

5.2    The proceedings related to Class Counsel's application for attorneys' fees and expenses are not part of the Settlement. Any order or proceedings relating to the fee and expense applications, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to alter, terminate or cancel the Settlement Agreement, or affect or delay the finality of the Final Order and Judgment approving the Settlement Agreement.

## 6.    **Representations and Warranties**

6.1    Lead Plaintiff and Defendants represent and warrant that they have engaged in discovery pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations between their counsel, with the assistance of an experienced mediator; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own respective counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof. Each party to this Settlement Agreement assumes the risk of mistake as to facts or law.

6.2.    Each person executing this Settlement Agreement on behalf of any other person does hereby personally represent and warrant that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 7.    **Lead Plaintiff's Claims and the Benefits of Settlement**

Lead Plaintiff believes that the claims asserted in the Action have merit. Lead Plaintiff and Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through motion practice, trial, and potential appeals. Class Counsel also has taken into account the uncertain outcome and the

risk of further litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel is also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action. Class Counsel believes that the Settlement set forth in this Settlement Agreement confers substantial benefits upon the Class in light of the risks inherent in proceeding with the litigation. Lead Plaintiff and Class Counsel have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class.

8.      **No Admission of Liability**

8.1      Defendants deny each and all of the claims and contentions alleged against them in the Action, and deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. While retaining their right to deny that the claims advanced in the Action were meritorious, Defendants, in any statement made to any media representative (whether or not for attribution), will not deny that the Action was filed in good faith and is being settled voluntarily after consultation with competent legal counsel. The Final Order and Judgment will contain a statement that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

8.2      It is expressly understood by all Settling Parties that neither this Settlement Agreement nor any of the negotiations, transactions, or proceedings connected in any way with this Settlement Agreement shall be construed or deemed to be evidence of any liability, any

wrongdoing, or an admission on the part of any of the Settling Parties hereto or their representatives, whether or not alleged in the Action; nor shall this Settlement Agreement or any negotiations, transactions, or proceedings connected in any way with this Settlement Agreement or with any claim or dispute between any of the Settling Parties hereto be offered or received in evidence in any proceeding to prove any liability, any wrongdoing, or an admission on the part of any party hereto or for any other purpose; provided, however, that nothing herein shall prevent this Settlement Agreement from being used, offered, or received in evidence in any proceeding to enforce any or all of the terms of this Settlement Agreement.

## 9.    **Termination of the Settlement Agreement**

9.1    This Settlement Agreement may be terminated if (a) the Court declines to enter the Final Order and Judgment, or (b) the Final Order and Judgment entered by the Court is reversed or modified in any material respect on appeal, provided that the terminating party, within fourteen (14) days from the date of such event, furnishes written notice to Class Counsel or Defendants' Counsel, as the case may be, of the termination of this Settlement, specifying the terms modified or not approved that give rise to the right to terminate. Neither a modification by the Court, nor a reversal on appeal, of any order relating to the Plan of Allocation shall be deemed to be a modification of a material part of this Settlement so as to trigger the option to terminate the Settlement Agreement as provided for in this Section. The amount(s) of any award of attorneys' fees, costs, and expenses is intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. No order of the Court or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, costs, or expenses awarded by the Court to Class Counsel shall

affect whether the Final Order and Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

9.2    Simultaneously herewith, Class Counsel and Defendants' Counsel are executing a "Supplemental Agreement," setting forth certain conditions under which this Settlement may be terminated by Defendants if valid and timely requests for exclusion from the Class are submitted by persons who (i) would be Class members but for their requests for exclusion, and (ii) purchased more than a certain number of shares of ADPI common stock during the Class Period In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Settlement Agreement shall become null and void, and of no further force and effect, and the termination provisions of Section 9.4 shall apply.   The Claims Administrator shall promptly notify Lead Plaintiff and Defendants of any and all requests for exclusion from the Class, including the identity(ies) of all person(s) making such request(s) and the number of shares purchased and sold by each during the Class Period and held by each at the end of the Class Period.  Lead Plaintiff hereby agrees that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate to Lead Plaintiff and the Class, and therefore agrees not to request exclusion from the Class.

9.3    Any of the Settling Parties may also terminate the Settlement Agreement if the Court makes any material modifications to the terms of the Settlement.

9.4    If the Settlement Agreement is terminated, the following shall occur:

9.4.1    Class Counsel and Defendants' Counsel shall within fourteen (14) days after the date of termination of the Settlement Agreement jointly notify the Financial Institution in writing to return to Defendants' Insurer the amount contributed by it to the Settlement Fund, with all net income earned thereon, after deduction of the amount

disbursed or incurred for the Class Notice or other expenses set forth in this Settlement Agreement, and to effect such return within fourteen (14) days.

9.4.2   The Action shall for all purposes with respect to the Settling Parties revert to its status as of the day immediately before the date of execution of this Settlement Agreement.

9.4.3   All provisions of this Settlement Agreement shall be null and void except as otherwise provided herein.

9.4.4   The terms and provisions of the Settlement Agreement shall not be used in the Action or in any other proceeding for any purpose.

10.        **Miscellaneous Provisions**

10.1   If a case is commenced in respect of any Defendant contributing to the Settlement Amount (or any insurer contributing funds to the Settlement Amount on behalf of any Defendant) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and a court of competent jurisdiction enters a final order determining the transfer of money to the Settlement Fund Account or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund Account by others, then, at the election of Class Counsel, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and judgment entered in favor of the Defendants pursuant to this Settlement Agreement, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation as of the day immediately before the date

of execution of this Settlement Agreement and any cash amounts in the Settlement Fund Account shall be returned as provided in Section 9.4 above.

10.2    This Settlement Agreement is made under the laws of the Commonwealth of Massachusetts, constitutes the entire agreement of the Settling Parties with respect to the matters referred to herein, and may not be modified except by a writing signed by each of the Settling Parties.

10.3    This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

10.4    Before entry of the Final Order and Judgment, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following entry of the Final Order and Judgment, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and approved by the Court.

10.5    The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

10.6    The Settling Parties (a) acknowledge that it is their intent to consummate the Settlement and (b) agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to accomplish the foregoing terms and conditions of the Settlement Agreement. The Settling Parties intend the Settlement to be a final and complete resolution of all disputes

asserted or which could be asserted by the Class members against the Released Parties with respect to the Released Claims. Accordingly, Lead Plaintiff and Defendants agree not to assert in any forum that the litigation was brought by Lead Plaintiff or defended by the Defendants in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

10.7    Lead Plaintiff hereby agrees that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate to Lead Plaintiff and the Class, and therefore agrees not to opt out of the Class.

10.8    This Settlement Agreement constitutes the entire agreement among the undersigned Settling Parties and no representations, warranties or inducements have been made to any party concerning this Settlement Agreement, other than the representations, warranties, and covenants contained and memorialized in this Settlement Agreement.

10.9    The Settling Parties agree to abide by the terms of the Confidentiality Agreement in all respects.

IN WITNESS WHEREOF, the Settling Parties, by their respective attorneys, have executed and delivered this Agreement on the dates set forth below.

_Megan D. McIntyre_ /HT

Stuart M. Grant (BBO # 549471)
Megan D. McIntyre
Hung G. Ta
Grant & Eisenhofer P.A.
1201 North Market Street
Wilmington, DE 19801

*Counsel for Lead Plaintiff Operating*
*Engineers Construction Industry and*
*Miscellaneous Pension Fund and Lead*
*Counsel for the Class*

Dated: _December 15 2009_

John D. Donovan, Jr. (BBO #130950)
Lisa M. Ropple (BBO #555401)
Bonnie S. McGuire (BBO #651519)
Michelle L. Visser (BBO #663164)
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7000

*Attorneys for Defendants American Dental*
*Partners, Inc., Gregory A. Serrao, Breht T. Feigh,*
*and Mark W. Vargo*

Dated: _12/15/09_

24