## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE AMERICAN DENTAL PARTNERS, INC. SECURITIES LITIGATION | No. 08-cv-10119-RGS (Consolidated Action) |

## [PROPOSED] ORDER OF PRELIMINARY APPROVAL

Presented to the Court for preliminary approval is a settlement of this Action as against Defendants American Dental Partners, Inc., Gregory A. Serrao, Breht T. Feigh and Mark W. Vargo. The terms of the Settlement are set forth in the Class Action Settlement Agreement, together with the Exhibits thereto (the "Settlement Agreement").

Having reviewed and considered the Settlement Agreement, the Court makes the findings and grants the relief set forth below, preliminarily certifying the Class for settlement purposes and preliminarily approving the Settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. **Preliminary Class Findings**. For purposes of the Settlement of this Action, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Class defined in paragraph 2 below. Specifically, the Court preliminarily finds that:

(a)     The identities of the Class members are likely to be ascertainable from records kept by ADPI and/or its agents, and from other objective criteria, and the Class members are so numerous that their joinder before the Court would be impracticable;

(b)     Lead Plaintiff has alleged questions of fact and law common to the Class;

(c)     Lead Plaintiff's alleged claims are typical of the claims of the proposed Class;

(d)     Lead Plaintiff will fairly and adequately protect the interests of the proposed Class in that (i) the interests of Lead Plaintiff and the nature of its alleged claims are consistent with those of the members of the Class, (ii) there appear to be no conflicts between or among Lead Plaintiff and the Class, (iii) Lead Plaintiff has been and appears to be capable of continuing to be an active participant in both the prosecution and the settlement of the Action, and (iv) Lead Plaintiff and the Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex securities fraud class actions; and

(e)     Questions of law or fact common to members of the Class predominate over any questions affecting only individual members of the Class and that a class-action resolution in the manner proposed by the Settlement would be superior to other available methods for a fair and efficient adjudication of the Action.  In making these preliminary findings, the Court has considered, among other factors, (i) the interest of the Class members in individually controlling the prosecution or defense of separate actions, (ii) the impracticability or inefficiency of prosecuting or defending separate actions, (iii) the extent and nature of any litigation concerning these claims already commenced, and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

2.     **Preliminary Class Certification for Settlement Purposes**.    Based on the findings set forth in paragraph 1 above, the Court preliminarily certifies a Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of all persons and entities who purchased or acquired common stock of ADPI between and including February 25, 2004 and December 13, 2007 (the "Class Period"); provided, however, that the Class excludes: Defendants; each of ADPI's officers, directors, subsidiaries and affiliates during the Class Period; members of the Defendants' immediate families and their legal representatives, heirs, successors and assigns; any entity in which any of the foregoing have or had a controlling interest; and the directors and officers liability insurance carriers (and any affiliates or subsidiaries thereof) of ADPI.  Also excluded from the Class are any putative Class members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

3.     **Preliminary Approval of Settlement**.  The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's length negotiations, (ii) the Settlement Agreement was executed only after Class Counsel had commenced conducting discovery, (iii) Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate, and (iv) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Settlement to the Class.

4.     **Fairness Hearing**.  A hearing is scheduled for March 18, 2010 at 2:00 p.m. (the "Fairness Hearing") to determine, among other things:

a.     Whether the Settlement is fair, reasonable and adequate and should be approved;

b.     Whether the Class should be certified for purposes of the Settlement;

c.      Whether the Final Order and Judgment as provided under the Settlement Agreement should be entered, dismissing the litigation with prejudice as against the Defendants;

d.      Whether the Plan of Allocation is fair and reasonable and should be approved; and

e.      Whether Class Counsel's application for attorneys' fees and expenses should be approved.

5.      **Approval of Form and Content of Class Notice**.  The Court has been presented with a proposed form of Class Notice, which is appended hereto as Exhibit 1.  The Court finds that such form fairly and adequately (i) describes the nature of the Action and the Class's claims, issues, and defenses involved therein; (ii) sets forth the definition of the proposed Class; (iii) describes the terms and effect of the Settlement Agreement and of the Settlement; (iv) informs the Class of the binding effect of the proposed Settlement on members of the Class; (v) notifies the Class concerning the proposed Plan of Allocation; (vi) notifies the Class that Class Counsel will seek an award of attorneys' fees not to exceed 22.5 percent of the Settlement Amount and for a separate reimbursement of costs of litigation to be paid out of the Settlement Fund; (vii) gives notice to the Class of the time and place of the Fairness Hearing; and (viii) notifies the members of the Class of their right to appear through an attorney and/or to request exclusion from the Class, including a description of the time and manner of requesting exclusion or objecting to any of the relief requested.  Additionally, the Court finds that the form and content of the Class Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process; constitute the

best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto.  Accordingly, the Court approves the form, substance and requirements of the Class Notice.

6.      **Approval of Form and Content of Proof of Claim**.  The Court approves the form, substance and requirements of the Proof of Claim, attached hereto as Exhibit 2.

7.      **Approval of Form and Content of Summary Notice**.  The Court approves the form of the Summary Notice in substantially the form and content annexed hereto as Exhibit 3 and directs that Class Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and to be transmitted over the National Circuit of *Business Wire* within ten days of the mailing of the Class Notice.  Class Counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Summary Notice.

8.      **Retention of Claims Administrator and Manner of Notice**.  The Court approves the appointment of Administar Services Group as the Claims Administrator.  The Claims Administrator shall cause the Class Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before January 15, 2010, to all Class members who can be identified with reasonable effort.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased ADPI common stock during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) days of their receipt of the Class Notice, (a) to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Class Notice and Proof of Claim promptly to such identified beneficial owners; or (b) to request additional copies of the Class Notice and Proof of Claim

from the Claims Administrator and, within seven (7) days of receipt of the copies of the Class Notices and Proof of Claim forms from the Claims Administrator, to mail the Class Notice and Proof of Claim to the beneficial owners. Nominee purchasers who elect to send the Class Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Class Notice and Proof of Claim shall be made available to any record holder requesting these documents for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Class Notices and Proofs of Claim to beneficial owners. Class Counsel shall, at or before the Fairness Hearing, file with the Court proof of mailing of the Class Notice and Proof of Claim.

9.      As provided in the Settlement Agreement, the reasonable expenses associated with giving notice to the Class may be paid from the Settlement Fund without further order of the Court.

10.      **Submission of Proof of Claim Forms**. In order to be entitled to participate in the Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each Class member shall take the following actions and be subject to the following conditions:

a.      A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Class Notice, postmarked not later than thirty (30) days after the date of the Fairness Hearing. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail,

postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Class Notice.

b.     The Proof of Claim submitted by each Class member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of the person's current authority to act on behalf of the Class member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.     As part of the Proof of Claim, each Class member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Settlement Agreement.

11.     **Exclusion From the Class**.  Class members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class member wishing to make such request shall mail the request in written form by first class mail to the address designated in the Class Notice postmarked no later than twenty-one (21) days before

the date of the Fairness Hearing. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *In re American Dental Partners, Inc. Securities Litigation*, and must be signed by such person. Persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of ADPI common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12.     Class members requesting exclusion from the Class shall not be entitled to receive any payment from the Settlement Fund as described in the Settlement Agreement and Class Notice.

13.     **<u>Appearance and Objections at Fairness Hearing</u>**. Any member of the Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and expenses may file an objection. An objector must file with the Court a statement of his, her or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. The objector must also mail copies of the objection and all supporting law to Class Counsel and to Defendants' Counsel as specified in the Class Notice by no later than twenty-one (21) days before the date of the Fairness Hearing. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel set forth in the Class Notice and file it with the Court by no later than twenty-one (21) days before

the date of the Fairness Hearing.  Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

14.     Any objector who files and serves a timely, written objection in accordance with paragraph 13 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' Counsel as specified in the Class Notice and file it with the Court by no later than twenty-one (21) days before the date of the Fairness Hearing.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

15.     Class Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

16.     **Stay of Proceedings**.  All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this Court.

17.     **Release of Claims**. Pending the final determination of the fairness, reasonableness, and adequacy of the Settlement set forth in the Settlement Agreement, (a) neither Lead Plaintiff nor any Class member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal against any of the Released Parties, and (b) Defendants shall not institute,

commence, or prosecute any of the Released Defendants' Claims in any action or proceeding in any court or tribunal against any of the Released Parties.

18.    **No Admissions**.    Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties, or (ii) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

19.    **Restoration of Prior Positions**.    In the event the Court does not grant final approval of the Settlement Agreement or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms (i) the Settling Parties shall be restored to their respective positions in the litigation of the Action, and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

20.    **Exclusive Jurisdiction of the Court**.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED.

Honorable Richard G. Stearns
United States District Court Judge

Dated: Dec. 22, 2009

## 11. How much will my payment be?

The $6,000,000.00 settlement amount, less all taxes, approved costs, fees and expenses (the "Distribution Amount") shall be distributed to Class members who submit acceptable Proofs of Claim ("Authorized Claimants").

The amount to be distributed to you, if you submit an acceptable Proof of Claim, will depend on a variety of factors, including the number of other Class members who submit valid Claim Forms, the number of shares of ADPI common stock you purchased, the prices and dates of those purchases, and the prices and dates of any sales of your ADPI common stock. Depending upon the timing of your transactions, you may be entitled to recover for all, none, or only some of the claims asserted in the Complaint. The amount to be distributed to Class members on a per-share basis will depend on future events and it is therefore not possible to estimate the amount of any such distribution at the present time.

The proposed Plan of Allocation reflects Lead Plaintiff's allegations that the price of ADPI's common stock decreased upon the revelations of Defendants' alleged misrepresentations and omissions on February 6, 2006, December 12 and December 13, 2007, and that these price decreases reflected the elimination of the artificial inflation that the Defendants' alleged misrepresentations and omissions may have caused.

On February 6, 2006, after the announcement of the filing of the PDG Lawsuit, ADPI's common stock dropped by $2.75 per share, from $16.41 on February 3, 2006 to $13.66. On December 12, 2007, after the announcement of the first of the jury's verdicts in the trial of the PDG Lawsuit, ADPI's stock price dropped by $5.36 per share, from $19.70 on December 11, 2007 to $14.34. On December 13, 2007, after the announcement of the second of the jury's verdicts in the trial of the PDG Lawsuit, ADPI's stock price declined by a further $9.72 per share, to close at $4.62.

The total of these drops, $17.82 per share (rounded to the nearest penny), is the maximum loss that will be recognized for purposes of the Settlement.

Defendants have denied that they made any material misrepresentations or omitted to disclose any material information and further contend that even if liability were shown, the Class members suffered no compensable damages because the price declines cited could not be attributed to the claims Lead Plaintiff asserted. Defendants assert that the price of ADPI common stock was not inflated artificially during the Class Period and further contend that the decrease in the price of ADPI common stock was explained and caused by other, non-actionable factors and causes outside of their control and not by any alleged fraud. For purposes of the proposed Plan of Allocation, Lead Plaintiff's contention of the estimated inflation per share of ADPI common stock (the "Estimated Inflation") is as follows:

**Plaintiffs' Contention of Inflation Per Share**

| Time Period | Total Inflation Amount Per Share |
|---|---|
| February 25, 2004 – February 5, 2006 | $17.82 |
| February 6, 2006 – December 11, 2007 | $15.08 |
| December 12, 2007 | $9.72 |
| December 13, 2007 | $0.00 |

The Court has not made any substantive determination that the Action may be maintained as a class action against the Defendant, nor has the Court made any findings that Defendants are liable to the Class, that the Class has suffered any compensable damages, or that Lead Plaintiff's contention of the Estimated Inflation is an accurate measure of damages. If the Settlement is not approved, Lead Plaintiff is not bound by the Estimated Inflation amounts utilized in connection with this Plan of Allocation.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Distribution Amount based upon each Authorized Claimant's "Recognized Claim" from transactions in ADPI common stock during the entire Class Period. The Recognized Claim formulas set forth below are not intended to be an estimate of the amount that a Class member might have been able to recover after a trial; nor is the Recognized Claim an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formulas are the basis upon which the Distribution Amount will be proportionately allocated to the Authorized Claimants.

An Authorized Claimant's Recognized Claim shall be the amount calculated as shown below:

      1.    For each share of ADPI common stock purchased or acquired between February 25, 2004 and December 13, 2007, inclusive, which the Authorized Claimant sold or otherwise disposed of at a loss on or before December 13, 2007, the Recognized Claim shall be equal to the lesser of (a) the Estimated Inflation Amount Per Share on the date of purchase minus the Estimated Inflation Amount Per Share on the date of sale, both as set forth in the above chart, and (b) the purchase price paid for the share (excluding commissions and fees) minus the proceeds received upon its sale or disposition (net of commissions and fees).

      2.    For each share of ADPI common stock purchased or acquired between February 25, 2004 and December 13, 2007, inclusive, which the Authorized Claimant continued to hold as of the close of trading on December 13, 2007, the Recognized Claim shall be equal to the lesser of (a) the Estimated Inflation Amount Per Share on the date of purchase or acquisition, as set forth in the above chart, (b) if sold or disposed of after the

close of trading on December 13, 2007, the purchase price paid for the share (excluding commissions and fees) minus the proceeds received upon its sale or disposition (net of commissions and fees), (c) if sold after the close of trading on December 13, 2007 but before the close of trading on March 11, 2008, the purchase price paid for the share (excluding commissions and fees) minus the mean closing price of ADPI common stock during the period from December 13, 2007 through the date of sale, and (d) if sold after the close of trading on March 11, 2008, the purchase price paid for the share (excluding commissions and fees) minus $8.80.[2]

No Recognized Claim shall be allowed for any shares of ADPI common stock sold for a gain. In processing claims, the first in, first out (FIFO) method will be used. This means that sales of ADPI common stock will first be matched with any pre-Class Period holdings and then with purchases during the Class Period in chronological order.

Any person or entity who sold ADPI common stock "short" shall have no Recognized Claim with respect to any purchase during the Class Period to cover such short sale.

A purchase or sale of ADPI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Shares of ADPI acquired during the Class Period by means of a gift, inheritance, or operation of law do not qualify as the purchase of such shares on the date of such acquisition.  If, however, such securities were purchased during the Class Period by the donor, decedent, or transferor, then as long as the original purchaser does not submit a Proof of Claim with respect to the shares, recipients will be allowed to participate in the Settlement and their claims will be computed by using the price of such stock on the original date of purchase.

Each Authorized Claimant shall be paid the percentage that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants. However, the minimum distribution amount to an Authorized Claimant with a valid Recognized Claim shall be $10.00. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class member on equitable grounds. Payment pursuant to the Plan of Allocation is conclusive against all Authorized Claimants.

All Class members whose claims are not approved will be barred from participating in distributions from the Net Settlement Amount, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Final Order and Judgment to be entered in the Action, and will be barred from bringing suit regarding any of the Released Claims against any of the Released Parties.

---

[2]    Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." The mean (average) daily closing trading price of ADPI common stock during the 90-day period beginning on December 13, 2007 was $8.80.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement fund by reason of un-cashed distributions or otherwise, then, one year after the initial distribution and after the Claims Administrator has made reasonable and diligent efforts to have Class members who are entitled to participate in the distribution of the Net Settlement Amount cash their distributions, any balance remaining from the Net Settlement Amount after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Amount for such re-distribution. If, six (6) months after such re-distribution, any funds shall remain in the Net Settlement fund, then such balance shall be contributed to a non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Counsel.

## HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

### 12. What do I have to do to receive a share of the Settlement?

If you are a member of the Class, you will have to submit a Proof of Claim and Release form (the "Claim Form") and supporting documentation in order to establish your entitlement to share in the Settlement. Those who act to exclude themselves from the Class and those who fail to submit timely and valid Claim Forms with adequate supporting documentation will not be entitled to share in the Settlement.

The Claim Form and instructions on how to complete and submit it are enclosed herewith. To obtain additional copies of the Claim Form, you may write to the Claims Administrator at the following address: American Dental Partners, Inc. Securities Litigation, Claims Administrator, c/o Administar Service Group, P.O. Box 56380, Jacksonville, FL 32241-6380 or call toll free at (866) 880-8634.

Please submit copies of all records of your ownership of, or transactions in, ADPI's securities, as they will be needed to document your claim.

### 13. When will I receive my payment?

Distribution may be delayed in the interest of the Class in order to minimize the number and cost of distributions.

Any Settlement payments are also contingent upon the Court approving the Settlement and on such approval becoming final and no longer subject to any appeals. Even if the Court approves the Settlement, there still might be appeals, which can take more than a year to resolve.

The Net Settlement Amount will be kept in an interest-bearing account until it is ready for distribution, and the accrued interest, net of taxes, will be included in the amount that will be distributed to the Class.

### 14. What am I giving up to get a payment or stay in the Class?

If you remain a member of the Class and do not exclude yourself, you will be bound by all orders, judgments, and releases entered by the Court regarding the Settlement. If the Settlement is approved, you will release all "Released Claims" (as defined above) against the "Released Parties" (as defined above). You will be bound by the releases whether or not you submit a Claim Form and/or receive a payment under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties, on your own, regarding the Released Claims, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as "opting out" of the Class.

### 15. What if I want to be excluded from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail to the Claims Administrator saying that you want to be excluded from *In re American Dental Partners, Inc. Securities Litigation*. Be sure to include your name, address, and telephone number, and please list the number of shares of ADPI securities purchased and sold between February 25, 2004 and December 13, 2007, and the dates and prices of each purchase and sale. You must include your signature on the written exclusion request. Mail your exclusion request postmarked no later than _____, 2009, to:

> American Dental Partners, Inc. Securities Litigation
> EXCLUSIONS
> Claims Administrator
> c/o Administar Services Group
> P.O. Box 56380
> Jacksonville, FL 32241-6380

If you request exclusion on behalf of any person or entity other than yourself (such as, for example, a trust, a minor, or a pension fund), you also must state the basis of your legal authority to make a request for exclusion on behalf of that person or entity.

You cannot exclude yourself on the phone or by e-mail. If you do not follow the above procedures—including meeting the postmark deadline—you will not be excluded from the Class and you will be bound by all of the orders and judgments entered by the Court regarding the Settlement. You must exclude yourself even if you already have a pending case against Defendants based on the claims being released.

If you ask to be excluded, you will not get any payment from the Settlement, you cannot object to the Settlement, you will not be legally bound by anything that happens in this Action and you might be able to sue Defendants on your own.

### 16. If I do not exclude myself can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants and/or the other Released Parties for any and all Released Claims. If you have a pending lawsuit, speak to the lawyer representing you in that case immediately. You must exclude yourself from **this** Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2009.

### 17. If I exclude myself can I get money from the Settlement?

No. Only Class members who do not exclude themselves will be eligible to recover money in the Settlement.

## THE LAWYERS REPRESENTING YOU

### 18. Do I have a lawyer in this case?

The Court has appointed the law firm of Grant & Eisenhofer P.A. as Lead Counsel to represent Lead Plaintiff and all other Class members in the Action. If you have any questions about the proposed Settlement, you may contact Lead Counsel as follows: Hung G. Ta, Esq., Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, New York 10017; (646) 722-8527.

If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19. How will the lawyers be paid?

You will not be charged directly for the fees or expenses of the Lead Counsel appointed by the Court. Instead, those lawyers may apply to the Court for payment of fees and expenses out of the proceeds of any recoveries achieved in the Action.

When this case began, Lead Plaintiff negotiated a fee agreement with Lead Counsel, which permits Lead Counsel to apply for fees of up to 22.5% of any recovery achieved for the Class plus out-of-pocket expenses. Lead Counsel is applying for a fee award of 22.5% of the Settlement Amount, plus up to $200,000.00 for reimbursement of expenses incurred for the prosecution of this action on behalf of the Class and for interest on such amounts at the same net rate as is earned on the Settlement Amount. The fees would pay Lead Counsel for investigating the facts, litigating the case, and negotiating the Settlement.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

### 20. How do I tell the Court that I do not like the Settlement?

If you are a Class member and you do not exclude yourself, you can object to the Settlement, including Lead Counsel's application for attorneys' fees, and give reasons why you think the Court should not approve them. To object, you must send a letter or other filing saying that you object to the Settlement and/or the attorneys' fee application in *In re American Dental*

*Partners, Inc. Securities Litigation,* Civil Action 08-cv-10119-RGS. Be sure to include your name, address, telephone number, signature, and the reasons for your objection, as well as a list of your purchases and sales of ADPI common stock made during the Class Period, including the dates, the number of shares purchased or sold, the price(s) paid or received per share for each such purchase or sale, and whether you continue to hold the securities at the time your objection is submitted. Your written objection must be filed with the Court and served on all the following counsel no later than _____, 2009:

**The Court:**

Clerk of the United States District Court for the District of Massachusetts,
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

**Lead Counsel for the Class:**

Stuart M. Grant, Esq.
Megan D. McIntyre, Esq.
Hung G. Ta, Esq.
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801

**For Defendants:**

John D. Donovan, Jr., Esq.
Lisa M. Ropple, Esq.
Michelle L. Visser, Esq.
ROPES & GRAY LLP
One International Place
Boston, MA 02110

Once an objection to the proposed Settlement is made, it cannot be withdrawn without the Court's approval. Any member of the Class who does not object in the manner provided above will be deemed to have waived all objections to the Settlement and to Lead Counsel's application for attorneys' fees.

### 21. What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you are a Class member.

Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object, because the case no longer affects you. If you do

not exclude yourself, you will be bound by the Settlement and all orders and judgments entered by the Court regarding the Settlement, regardless of whether the Court accepts or denies any objection you submit.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

**22. When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a hearing on the proposed Settlement for _____, 2009, at _____ before the Honorable Richard G. Stearns in the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, MA 02210. At this hearing, the Court will consider whether the Settlement and Plan of Allocation are fair, reasonable, and adequate, whether to certify the Class for purposes of the Settlement, whether to dismiss with prejudice the Action against the Defendants, and whether to grant Lead Counsel's application for attorneys' fees. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement.

Please note that the date of the Court hearing is subject to change without further notice. If you plan to attend the hearing, you should check with Lead Counsel to be sure no change to the date and time of the hearing has been made.

**23. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court might have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mail your written objection so as to be received by the deadline, it will be before the Court when the Court considers whether to approve the Settlement. You may also hire your own lawyer to attend the hearing, at your expense, but that is not a requirement.

**24. May I speak at the hearing?**

If you are a Class member who has not asked to be excluded from the Class, you may ask the Court for permission to speak at the hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In Re American Dental Partners, Inc. Securities Litigation*, Civil Action 08-cv-10119-RGS." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be filed with the Clerk of the Court and sent to the counsel listed above in the answer to Question # 20 so it is received by the Court and counsel no later than _____, 2009. You cannot speak at the hearing if you have asked to be excluded from the Class.

## IF YOU DO NOTHING

**25. What happens if I do nothing at all?**

If you are a Class member and you do nothing in response to this Notice, you will remain a member of the Class and will be bound by the Settlement. You will not be able to start, continue, or be part of any other lawsuit or arbitration against Defendants and/or the Released Parties regarding the Released Claims in the Action. To receive a payment from the Settlement, you will have to submit the enclosed Claim Form and supporting documentation, in accordance with instructions to be provided in the Claim Form.

## GETTING MORE INFORMATION

**26. Are there more details about the Settlement?**

This Notice contains only a summary of the Settlement. The complete Settlement is set out in the Settlement Agreement between Lead Plaintiff and Defendants, dated December 15, 2009. You may download a copy of the Settlement Agreement from www.ADPISettlement.com or you may request a copy by writing to American Dental Partners, Inc. Securities Litigation, Claims Administrator, c/o Administar Services Group, P.O. Box 56380, Jacksonville, FL 32241-6380. There may be a charge for copying and mailing the Settlement Agreement.

**27. How do I get more information?**

You can also call the Claims Administrator toll free at (866) 880-8634 or write to the Claims Administrator at the above address. Anyone interested in more detail regarding the Action is invited to visit the Office of the Clerk of the United States District Court for the District of Massachusetts at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, during regular business hours, to inspect the Settlement Agreement, the pleadings, and the other papers maintained there regarding Civil Action 08-cv-10119-RGS.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased the securities of American Dental Partners, Inc. during the period from February 25, 2004 and December 13, 2007, inclusive (ADPI common stock traded during this period under NASDAQ ticker symbol: ADPI; CUSIP: 025353103), for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased ADPI common stock during such time period or (b) request additional copies of this Notice and the Claim Form, which will be provided to you free of charge, and within seven (7) days mail the Notice and the Claim Form directly to the beneficial owners of the

ADPI common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

> American Dental Partners, Inc. Securities Litigation
> Claims Administrator
> c/o Administar Services Group
> P.O. Box 56380
> Jacksonville, FL 32241-6380

Dated: _____        BY ORDER OF THE COURT

> _____
> HON. RICHARD G. STEARNS
> UNITED STATES DISTRICT COURT
> DISTRICT OF MASSACHUSETTS

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE AMERICAN DENTAL PARTNERS, INC. SECURITIES LITIGATION | No. 08-cv-10119-RGS (Consolidated Action) |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND HEARING ON PROPOSED SETTLEMENT

**If you purchased or acquired common stock of American Dental Partners, Inc. ("ADPI" or the "Company") between and including February 25, 2004 and December 13, 2007, you might be a member of the Class in this Action entitling you to relief in connection with the Settlement of the Action.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

The Court has preliminarily approved the settlement of a pending securities class action brought by investors who claim that the price of ADPI's common stock was artificially inflated as a result of false statements, nondisclosures, and fraudulent conduct in violation of the federal securities laws (the "Settlement").

☐  The Settlement is between Operating Engineers Construction Industry and Miscellaneous Pension Fund ("Lead Plaintiff"), on behalf of itself and the Class (defined below) it represents, and Defendants ADPI, Gregory A. Serrao ("Serrao") (Chairman, President, and Chief Executive Officer of ADPI), Breht T. Feigh ("Feigh") (Executive Vice President and Chief Financial Officer of ADPI) and Mark W. Vargo ("Vargo") (Vice President and Chief Accounting Officer of ADPI) (collectively, the "Defendants").

☐  The Settlement provides for $6,000,000.00 to be paid to the Class. After payment of fees and expenses, the Settlement proceeds will be distributed to members of the Class who submit acceptable Proofs of Claim.

☐  The two sides disagree on Defendants' liability and the amount of money, if any, that could have been recovered if Lead Plaintiff won at trial.

☐  If the Settlement is approved, Lead Plaintiff's counsel will move the Court for an award of attorneys' fees totaling 22.5% of the Settlement Amount, together with up to $200,000.00 in reimbursement of expenses incurred in the prosecution of this Action.

The Settlement was reached because it provides significant benefits to investors and avoids the costs and risks of continuing the lawsuit against Defendants.

If you are a member of the Class and the Settlement is approved, your legal rights will be affected whether you act or not. Read this Notice carefully to see what your options are in connection with the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| **Submit a Claim Form postmarked by _____** | This is the only way to get a Settlement payment. If you wish to participate in the Settlement, you must complete and timely submit the Proof of Claim form provided with this Notice. |
| **Exclude Yourself (by _____)** | If you exclude yourself, you will no longer be a member of the Class and will not be eligible to participate in the Settlement. This is the only option that allows you to ever be part of any other lawsuit against the Released Parties regarding the Released Claims. |
| **Object (by _____)** | If you do not exclude yourself, but you wish to object to any part of the Settlement, you may write to the Court about your objections. |
| **Attend the Fairness Hearing (on _____, 2010)** | You may (but do not have to) attend the hearing about the Settlement and, if you have submitted a written objection to the Settlement to the Court, speak to the Court about your objections. |
| **Do Nothing** | You will get no payment and you will give up your rights. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in any appeals. Please be patient.

# SUMMARY NOTICE

## Statement of Lead Plaintiff's Recovery

Pursuant to the Settlement described herein, a Settlement Fund consisting of $6.0 million in cash, plus interest, has been established. Lead Plaintiff estimates that there were approximately 10,587,117 shares of ADPI common stock traded during the Class Period which may have been damaged. Lead Plaintiff estimates that the average recovery per damaged share[1] of ADPI common stock under the Settlement is $0.57 before deduction of Court-awarded attorneys' fees and expenses. A Class member's actual recovery will be a proportion of the Net Settlement Amount determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when a Class member purchased or otherwise acquired shares of ADPI common stock during the Class Period, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class member may receive more or less than this average amount. *See* the Plan of Allocation beginning on page 11 for more information about your Recognized Claim.

## Statement of Potential Outcome of the Case

Lead Plaintiff and Defendants do not agree on the average amount of damages per share that would have been recoverable from Defendants if Lead Plaintiff were to have prevailed on each claim asserted. The issues on which the parties disagree include: (1) whether Defendants engaged in conduct that would give rise to liability under the federal securities laws; (2) whether Defendants acted with scienter with respect to the conduct alleged to constitute a violation of Section 10(b) of the Exchange Act; (3) whether Defendants have valid defenses to any of the claims against them; (4) the amount, if any, by which the prices of ADPI's securities were artificially inflated as a result of Defendants' alleged violations of the federal securities laws; and (5) whether the Action could be maintained as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) and other applicable law.

## Statement of Attorneys' Fees and Costs Sought

Lead Plaintiff's counsel is moving the Court for an award of attorneys' fees of 22.5% of the Settlement Amount, plus interest, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $200,000.00. The requested fees and expenses would amount to an average of approximately $0.15 per damaged share in total for fees and expenses. Lead Plaintiff's counsel has expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and has advanced the expenses of the litigation, in the expectation that if it were successful in obtaining a recovery for the Class, it

---

[1]    An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as its attorneys' fee.

<u>Further Information</u>

Further information regarding the Action and this Notice may be obtained by contacting Lead Plaintiff's counsel and Lead Counsel for the Class: Hung G. Ta, Esq., Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, NY 10017; (646) 722-8500.

<u>Reasons for the Settlement</u>

Lead Plaintiff agreed to the Settlement because of the monetary benefit it will provide to the Class, compared to the risk that recovery might not be achieved after a contested period of litigation, which could extend years into the future. As with any litigated case, Lead Plaintiff would face an uncertain outcome if the case went to trial. Even if Lead Plaintiff was successful at trial, Defendants might be bankrupt or otherwise unable to pay any judgment at that time or the insurance proceeds available to Defendants may be dissipated. Alternatively, Defendants might well appeal any verdict adverse to them, resulting in further uncertainty and delay.

Defendants agreed to the Settlement to settle and terminate all existing or potential claims against them, to eliminate the risk of substantial judgments against them, and to avoid the burden and expense of further litigation, without acknowledging any fault or liability.

| WHAT THIS NOTICE CONTAINS |
|:---:|

**BASIC INFORMATION**................................................................................. **Page 6**
    1.     Why did I get this Notice?
    2.     What is a class action?
    3.     What is this lawsuit about?
    4.     What should I do if my address changes or if this Notice was sent
          to the wrong address?

**WHO IS IN THE CLASS**............................................................................... **Page 8**
    5.     How do I know whether I am part of the Settlement?
    6.     Are there exceptions to being included?
    7.     I am still not sure whether I am included.

**SUMMARY OF THE SETTLEMENT**........................................................... **Page 9**
    8.     How and when was the Settlement reached?
    9.     What does the Settlement provide?

**THE SETTLEMENT BENEFITS—WHAT YOU GET**.................................... **Page 10**
    10.    How much will be distributed to investors?
    11.    How much will my payment be?

**HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM**............................. **Page 14**
    12.    What do I have to do to receive a share of the Settlement?
    13.    When will I receive my payment?
    14.    What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**................................... **Page 15**
    15.    What if I want to be excluded from the Settlement?
    16.    If I do not exclude myself, can I sue Defendants for the same thing
         later?
    17.    If I exclude myself, can I get money from the Settlement?

**THE LAWYERS REPRESENTING YOU**..................................................... **Page 16**
    18.    Do I have a lawyer in this case?
    19.    How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES**.................. **Page 16**
    20.    How do I tell the Court that I do not like the Settlement?
    21.    What is the difference between objecting and requesting exclusion?

**THE COURT'S FAIRNESS HEARING**....................................................... **Page 18**
    22.    When and where will the Court decide whether to approve the
         Settlement?
    23.    Do I have to come to the hearing?

24.    May I speak at the hearing?

**IF YOU DO NOTHING** ........................................................................................... **Page 19**
25.    What happens if I do nothing at all?


**GETTING MORE INFORMATION**................................................................... **Page 19**
26.    Are there more details about the Settlement?
27.    How do I get more information?

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER**
**NOMINEES** ......................................................................................................... **Page 19**

## BASIC INFORMATION

### 1. Why did I get this Notice?

You or someone in your family may have purchased or acquired ADPI securities between and including February 25, 2004 and December 13, 2007 (the "Class Period"). The Court caused this Notice of Pendency of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Hearing on Proposed Settlement (the "Notice") to be sent to you because, if you purchased or acquired those securities during that period, you have a right to know about the proposed Settlement of the Action, and about all of your options, before the Court decides whether to approve the Settlement.

This Notice describes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the District of Massachusetts. The case is known as *In re American Dental Partners, Inc. Securities Litigation,* Civil Action 08-cv-10119-RGS.

### 2. What is a class action?

In a class action, one or more people called plaintiffs (in this case, Operating Engineers Construction Industry and Miscellaneous Pension Fund) sue on behalf of people who have similar claims. The Court may appoint one or more of them to act as a class representative to represent all of the people who have similar claims. In this case, the Court appointed Operating Engineers Construction Industry and Miscellaneous Pension Fund to represent the Class for purposes of this Settlement. All of the individuals and entities on whose behalf the class representative is suing are known as class members. One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

### 3. What is this lawsuit about?

This lawsuit (the "Action") is a class action alleging violations of the federal securities laws by Defendants. The Court has appointed Operating Engineers Construction Industry and Miscellaneous Pension Fund to serve as Lead Plaintiff in the Action and has appointed the law firm of Grant & Eisenhofer P.A. to serve as Lead Counsel on behalf of the Class ("Lead Counsel"). The Action was brought against ADPI, Serrao, Feigh, and Vargo (collectively, the "Defendants").

The Consolidated Class Action Complaint (the "Complaint"), which was filed in the Action on September 29, 2008, alleges that Defendants violated the federal securities laws by causing ADPI's financial statements to overstate ADPI's profitability. Specifically, Lead Plaintiff alleges that Defendants improperly recognized revenues relating to a service agreement ADPI's subsidiary had entered into with its customer PDG, P.A. Lead Plaintiff also alleges that when PDG, P.A. commenced a lawsuit against the subsidiary (the "PDG Lawsuit"), which lawsuit was subsequently expanded to include ADPI itself, Defendants misled stockholders of ADPI by stating that the claims included in the PDG Lawsuit were baseless and without merit. The Complaint alleges that when PDG eventually sought to terminate its relationship with ADPI, Defendants also misled stockholders of ADPI by failing to inform them that ADPI did not have a feasible plan to address the business disruption that loss of the PDG relationship might cause.

The Complaint alleges that the Defendants knew at all material times that the public documents and statements issued or disseminated by Defendants during the Class Period were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents in violation of the federal securities laws. The Complaint alleges that Defendants' false and misleading statements caused the price of ADPI common stock to be artificially inflated, causing investors who purchased such securities during the Class Period to suffer damages.

The Complaint asserts a claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") against all Defendants and a claim under Section 20(a) against Defendants Serrao, Feigh and Vargo.

While the Court has ruled that Lead Plaintiff's claims should not be dismissed at this stage of the litigation, the Court has made no substantive determinations on the merits of the claims against any of the Defendants or on whether the action may be maintained as a class action against the Defendants.  In agreeing to the Settlement, the Defendants deny any alleged wrongdoing.

**4. What should I do if my address changes or if this Notice was sent to the wrong address?**

If this Notice was sent to you at the wrong address or if your address changes in the future, please send prompt written notification of your correct address to the Claims Administrator at the following address:

> American Dental Partners, Inc. Securities Litigation
> Claims Administrator
> c/o Administar Services Group
> P.O. Box 56380
> Jacksonville, FL 32241-6380

## WHO IS IN THE CLASS

**5. How do I know whether I am part of the Settlement?**

The Court has decided, for purposes of the Settlement, that everyone who fits this description may be a Class member:

> **All persons and entities who purchased or acquired publicly traded common stock of ADPI between and including February 25, 2004 and December 13, 2007.**

Investors are Class members and part of the Settlement if none of the exceptions identified below applies.

**6. Are there exceptions to being included?**

Even if you purchased or acquired ADPI common stock during the Class Period, you are excluded from and are not a member of the Class if you are a Defendant in the Action; if you were an officer, director, subsidiary, or affiliate of ADPI between and including February 25, 2004 and December 13, 2007; if you are an immediate family member of any Defendant; if you are an entity in which ADPI or any Defendant has a controlling interest; if you are a directors and officers liability insurance carrier (and any affiliates or subsidiaries thereof) of Defendants, or if you are a legal representative, heir, predecessor, successor, or assign of any of these excluded persons or entities. You will not be a member of the Class if you file a request for exclusion in accordance with the requirements set forth in this Notice.

**7. I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for help, which will be provided to you at no cost. You can call the Claims Administrator toll free at (866) 880-8634 or write to the Claims Administrator at the address stated in the answer to Question # 4 above.

# SUMMARY OF THE SETTLEMENT

## 8. How and when was the Settlement reached?

Lead Plaintiff reached an agreement-in-principle with Defendants regarding the Settlement in October 2009. On December 15, 2009, Lead Plaintiff and the Defendants finalized a Class Action Settlement Agreement (the "Settlement Agreement") to formalize their agreement.

The Settlement was reached after arm's length negotiation between Lead Counsel and counsel for the Defendants and only after Lead Counsel had (i) obtained access to, and reviewed, certain documents pertinent to the Class's claims and Defendants' defenses to those claims; (ii) investigated and analyzed all available evidence; and (iii) researched the applicable law with respect to the Class's claims against the Defendants and the potential defenses thereto.

## 9. What does the Settlement provide?

In the Settlement, Defendants agree to cause $6,000,000.00 to be paid out of insurance proceeds that are available to them as "Insured Persons" under a Directors, Officers and Corporate Liability Insurance Policy ( the "Settlement Amount").

The Settlement shall become effective when and if each of the following conditions is met: (a) the Court has entered a final judgment approving the Settlement; (b) any appeals from that judgment have been finally resolved, or the time has expired in which to file such appeals; and (c) the Settlement Amount pertaining to the Settlement has been paid in full.

If the Court enters an order approving the Settlement (the "Final Order and Judgment"), all members of the Class will be deemed to have released and will be permanently barred from asserting any of the "Released Claims" (as defined below) against the "Released Parties" (as defined below).

"Released Claims" shall mean any and all claims, rights, demands, suits, matters, issues, actions or causes of action, liabilities, damages, losses, obligations and judgments of any kind or nature whatsoever, whether contingent or absolute, disclosed or undisclosed, suspected or unsuspected, matured or unmatured, that have been, could have been, or in the future might be asserted in this Action or in any court, tribunal or proceeding by Lead Plaintiff or any other member of the Class, whether in an individual, class, direct, derivative, representative, legal, equitable, or any other type of capacity, against any of the Released Parties (defined herein), whether under state or federal law, including but not limited to the federal securities or antitrust laws (except for the rights conferred by this Settlement), in connection with the purchase, sale or acquisition of ADPI common stock during the Class Period, and that arise out of, or that relate in any way to the acts, facts, or events alleged in the Action or any claim that was or could have been brought in the Action. The Released Claims shall include Unknown Claims, which mean any and all Released Claims which Lead Plaintiff or other Class members does not know or suspect to exist in his, her or its favor at the time the releases called for in this agreement are granted, which if known by him, her or it might have affected his, her or its decision(s) with

respect to the Settlement. With respect to any and all Released Claims, Lead Plaintiff and the Defendants stipulate and agree that upon entry of the Final Order and Judgment, Lead Plaintiff and Defendants shall expressly, and each Class member shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff and Defendants in the Action, and other Class members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement. "Released Parties" shall mean Lead Plaintiff, the Defendants, the insurance company that issued ADPI a Directors, Officers and Corporate Liability Insurance Policy for the policy period April 13, 2007 to April 13, 2008 ("Defendants' Insurer"), and their respective affiliates, agents, employees, attorneys, representatives, advisors, heirs, executors, estates, administrators, successors-in-interest, assigns, insurers, accountants, or investment advisors.

In addition, if the Settlement is approved by the Court, the Released Parties will be deemed to have released and will be permanently barred from asserting any of the "Released Defendants' Claims" (as defined below).

"Released Defendants' Claims" means any and all claims (including all actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity) of any nature whatsoever under federal or state law, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against Lead Plaintiff, other Class members, or their attorneys, which arise out of the institution, prosecution, or settlement of the Action (except for claims to enforce the terms and conditions of the Settlement Agreement).

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 10. How much will be distributed to investors?

The Settlement will create a cash settlement fund in the initial principal amount of $6,000,000.00. After deduction of the costs of notice and administration, certain taxes and tax-related expenses, and any attorneys' fees and costs that are approved by the Court, the balance of the settlement fund, plus accrued interest (the "Net Settlement Amount"), will be available for distribution to members of the Class. Lead Counsel will request attorneys' fees of 22.5% of the Settlement Amount and the reimbursement of out-of-pocket costs in the amount of approximately $200,000.00.

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE AMERICAN DENTAL PARTNERS, INC. SECURITIES LITIGATION | No. 08-cv-10119-RGS (Consolidated Action) |

## PROOF OF CLAIM AND RELEASE

### I.  GENERAL INSTRUCTIONS

A.  To recover as a Class member based on your claims in the action entitled *In re American Dental Partners, Inc. Securities Litigation,* 08-cv-10119-RGS, and all lawsuits consolidated under that caption (the "Action"), which are being settled as discussed in the Notice of Pendency of Class Action, Proposed Settlement, Motion  for Attorneys' Fees and Expenses, and Hearing on Proposed Settlement (the "Notice"), please complete this Proof of Claim and Release form ("Claim Form") according to the instructions below.

B.  **The Class is defined as all persons or entities who purchased or acquired common stock of American Dental Partners, Inc. ("ADPI" or the "Company") between and including February 25, 2004 and December 13, 2007 (the "Class Period").**  Excluded from the Class are the Defendants; the officers, directors, and partners of ADPI; each of ADPI's subsidiaries and affiliates; members of the Defendants' immediate families and their legal representatives, heirs, successors and assigns; any entity in which any of the foregoing have or had a controlling interest; and the directors and officers liability insurance carriers (and any affiliates or subsidiaries thereof) of ADPI.

C.  You may only participate in the settlement described in the Notice (the "Settlement") if you are a member of the Class and if you complete and return this form as specified below.  **Submission of this Claim Form, however, does not ensure that you will share in the Net Settlement Amount.**

D.  You must mail your completed and signed Claim Form to the Claims Administrator postmarked by **_____, 2009,** addressed as follows:

**American Dental Partners, Inc. Securities Litigation**
**Claims Administrator**
**c/o Administar Services Group**
**P.O. Box 56380**
**Jacksonville, FL 32241-6380**

E.  All Class members will be bound by the terms of the judgment entered in the Action **WHETHER OR NOT A CLAIM FORM IS SUBMITTED,** unless a valid exclusion request is received by **_____, 2009.** If you submit a valid exclusion by the deadline noted, you MAY NOT submit a Claim Form.

### II.  CLAIMANT IDENTIFICATION INSTRUCTIONS

A.  If you purchased or acquired ADPI common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or acquired ADPI common stock during the Class Period and the shares were registered in the name of a third party, such as a

nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner of these shares.

B.  Use Section IV of this form entitled "CLAIMANT IDENTIFICATION" to identify each owner of record ("nominee"), if different from the beneficial owner of ADPI common stock that forms the basis of this claim.  **THE ACTUAL BENEFICIAL OWNER OR THE LEGAL REPRESENTATIVE OF SUCH OWNER OF THE ADPI COMMON STOCK UPON WHICH THIS CLAIM IS BASED MUST SUBMIT THIS CLAIM FORM**.  Legal representatives MUST include proof of authority to sign on behalf of the beneficial owner in accordance with Section II, Paragraph C, below.

C.  All joint beneficial owners must sign this Claim Form.  Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and proof of their authority must accompany this Claim Form and their titles or capacities must be stated.

D.  The taxpayer identification number (TIN), consisting of a valid Social Security number (SSN) for individuals or employer identification number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

E.  If you would like to use the correspondence address (noted in Section IV) for the distribution of check(s), please place a check mark next to "Check Here to Use Correspondence Address for Distribution of Checks;" you need not fill out the (Optional) Distribution Address portion of the form if you wish to use the correspondence address for all distributions.  If you would like your distribution check sent to an address other than the correspondence address, please fill out the (Optional) Distribution Address portion of the form; you will still need to fill in the Correspondence Address section.

**FAILURE TO PROVIDE THE FOREGOING INFORMATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## III. TRANSACTION SCHEDULE INSTRUCTIONS

A.  Use Section V of this Claim Form entitled "SCHEDULE OF TRANSACTIONS IN ADPI COMMON STOCK" to supply all required details of your transaction(s) in ADPI stock.  If you need more space, attach separate, numbered sheets providing all of the required information in substantially the same format.  Print or type the beneficial owner's name at the top of each additional sheet.

B.  On the schedules, provide all of the requested information with respect to all acquisitions and purchases (including free receipts), as well as all sales (including free deliveries), of ADPI common stock.

C.  Failure to report all transactions during the requested periods may result in the rejection of your claim.

D.  Shares of ADPI acquired during the Class Period by means of a gift, inheritance, or operation of law do not qualify as the purchase of such shares on the date of such acquisition.  If, however, such securities were purchased during the Class Period by the donor, decedent, or transferor, then as long as the original purchaser does not submit a Claim Form with respect to the shares, recipients will be allowed to participate in the Settlement and their claims will be computed by using the price of such stock on the original date of purchase.

E.  In processing claims, the first in, first out (FIFO) basis will be applied to acquisitions, purchases, and sales starting with the opening position (if any) at the outset of the Class Period.

F.  List each acquisition, purchase, and sale, including free receipts and free deliveries, separately and in chronological order, by trade date (as distinguished from the "settlement" date), beginning with the earliest.

You must accurately provide the month, day, and year of each such transaction you list.

G.  The price per share, paid or received, shall be exclusive of all commissions, taxes, fees, and other charges.

H.  The date of covering a short sale is deemed to be the date of purchase.  The date of a short sale is deemed to be the date of sale.  Although there is no recognized loss for a short sale, all short sales must be reported to allow proper balancing of the transactions contained in your claim overall.

I.  You must include with your Claim Form copies of brokerage confirmations, monthly statements, or other documentation of your transactions in ADPI common stock in order for your claim to be valid.  If such documents are not available, please call the American Dental Partners, Inc. Securities Litigation Helpline toll free at **(866) 880-8634** for additional assistance.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

J.  If your trading activity during the Class Period exceeds 50 transactions, you must provide, in an electronic file, all purchase and sale information required in the Schedule of Transactions in ADPI Common Stock. For a copy of instructions and parameters concerning such a submission, you may download the Electronic Claims Filing Guidelines and an Electronic Claims Filing Template from the Claims Administrator's website at **www.ADPISettlement.com**, or you may call toll free at **(866) 880-8634** for additional assistance. Please be advised that any claimant filing electronically must provide and maintain an up-to-date e-mail address with the Claims Administrator, and please be aware that further communication may be initiated by e-mail.  All claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

| CLAIMS<br>MUST BE POSTMARKED BY<br>_____ | PROOF OF CLAIM AND RELEASE<br>*IN RE AMERICAN DENTAL PARTNERS,*<br>*INC. SECURITIES LITIGATION*<br>No. 08-cv-10119-RGS<br>PLEASE PRINT OR TYPE | *ADPI*<br>FOR INTERNAL USE ONLY |

## IV.   CLAIMANT IDENTIFICATION

LAST NAME (CLAIMANT)

FIRST NAME (CLAIMANT)

Last Name (Beneficial Owner if Different From Claimant)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant Is Not an Individual)

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)

Trust/Other Date (If Applicable)

○   **Check Here to Use Correspondence Address for Distribution of Checks**

Correspondence Address Line 1

Correspondence Address Line 2 (If Applicable)

City                                                   State        Zip Code                    -

Foreign Province                        Foreign Zip Code                Foreign Country

**(Optional) Distribution Address:**

Distribution Address Line 1

Distribution Address Line 2 (If Applicable)

City     State     Zip Code

-

Foreign Province          Foreign Zip Code Foreign Country

Telephone Number (Day)

Telephone Number (Night)

(          )          -

(          )          -

QUESTIONS? CALL (866) 880-8634 OR VISIT ADPISETTLEMENT.COM

Beneficial Owner's Employer Identification Number or Social Security Number

E-Mail Address

## IDENTITY OF CLAIMANT

○ Individual    ○ Joint Owners    ○ Estate    ○ Corporation    ○ Trust    ○ Partnership    ○ Private Pension Fund
○ IRA, Keogh, or other type of individual retirement plan (indicate type of plan, mailing address, and name of current custodian) _____    ○ Legal Representative    ○ Other (specify, describe on separate sheet)

**LEGAL REPRESENTATIVES OF CLAIMANTS MUST ATTACH POWER OF ATTORNEY OR OTHER INSTRUMENT SHOWING AUTHORITY TO ACT AS A LEGAL REPRESENTATIVE.**

Individuals or entities excluded from participating in the Settlement include the Defendants in the Action; each of ADPI's officers, directors, subsidiaries and affiliates between and including February 25, 2004 and December 13, 2007; members of the Defendants' immediate families and their legal representatives, heirs, successors and assigns; any entity in which any of the foregoing have or had a controlling interest; and the directors and officers liability insurance carriers (and any affiliates or subsidiaries thereof) of ADPI.

○     Check here if the claimant or beneficial owner is excluded from the Class.
○     Check here if the claimant or beneficial owner was an officer, director, subsidiary, or affiliate of ADPI between and including February 25, 2004 and December 13, 2007.  If so, please state position(s) held and dates of employment:

_____.
○     Check here if the claimant or beneficial owner acquired ADPI common stock through an ADPI employee benefit plan.

## V.    SCHEDULE OF TRANSACTIONS IN ADPI COMMON STOCK

Failure to provide proof of all purchases, sales, opening positions, and closing positions will impede proper processing of your claim.  Please include proper documentation with your Claim Form as described in detail in Section III, Paragraph I, above.

**A**. **BEGINNING HOLDINGS:**
*Please state the total number of shares of ADPI common stock that you owned **as of the close of business on February 24, 2004 (long or short positions).***

Proof enclosed?
○ Y
○ N

**IF NONE, CHECK HERE** ○

**B. PURCHASES:**

Separately list each and every purchase and/or acquisition, including free receipts, of ADPI common stock during the period between **February 25, 2004 and December 13, 2007, inclusive.**

**IF NONE, CHECK HERE** ○

| Date(s) of original purchase or acquisition<br>List chronologically<br>MM        DD        YYYY | Number of shares purchased/acquired | Original purchase price per share (excluding commissions, taxes, & fees) | Proof of purchase enclosed |
|---|---|---|---|
| /        / | | $             . | ○ Y<br>○ N |
| /        / | | $             . | ○ Y<br>○ N |
| /        / | | $             . | ○ Y<br>○ N |
| /        / | | $             . | ○ Y<br>○ N |
| /        / | | $             . | ○ Y<br>○ N |

**C. SALES:**

Separately list each and every sale, including free deliveries, of ADPI common stock during the period between **February 25, 2004 and December 13, 2007, inclusive.**

**IF NONE, CHECK HERE** ○

| Date(s) of sales<br>List chronologically<br>MM        DD        YYYY | Number of shares sold | Sale price per share (excluding commissions, taxes, & fees) | Proof of sale enclosed |
|---|---|---|---|

|  |  |  |  | Y |
|---|---|---|---|---|
| / | / | $ | . | N |
| / | / | $ | . | Y<br>N |
| / | / | $ | . | Y<br>N |
| / | / | $ | . | Y<br>N |
| / | / | $ | . | Y<br>N |

IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND TIN ON EACH ADDITIONAL PAGE.

**D.  UNSOLD HOLDINGS:**

Proof enclosed?

Please state the number of shares of ADPI common stock that you held **as of the close of trading on December 13, 2007** (long or short positions).

○ Y   ○ N

**IF NONE, CHECK HERE** ○

**YOU MUST ALSO READ THE RELEASE BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

## VI.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Class Action Settlement Agreement ("Settlement Agreement") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my (our) claim as a Class member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, sales, or holdings of ADPI common stock and know of no other person having done so on my (our) behalf.

## VII.  RELEASE

A.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge each and all of the Released Parties from all Released Claims, as those terms are defined below.

B.    Definitions for Release:

"**Class Period**" shall mean February 25, 2004 through December 13, 2007, inclusive.

"**Lead Plaintiff**" shall mean Operating Engineers Construction Industry and Miscellaneous Pension Fund.

"**Defendants**" shall mean ADPI, Gregory A. Serrao, Breht T. Feigh and Mark W. Vargo.

"**Defendants' Insurer**" shall mean the insurance company that issued ADPI a Directors, Officers and Corporate Liability Insurance Policy for the policy period April 13, 2007 to April 13, 2008.

"**Released Parties**" shall mean Lead Plaintiff, Defendants, Defendants' Insurer, and their respective affiliates, agents, employees, attorneys, representatives, advisors, heirs, executors, estates, administrators, successors-in-interest, assigns, insurers, accountants, or investment advisors.

"**Released Claims**" shall mean any and all claims, rights, demands, suits, matters, issues, actions or causes of action, liabilities, damages, losses, obligations and judgments of any kind or nature whatsoever, whether contingent or absolute, disclosed or undisclosed, suspected or unsuspected, matured or unmatured, that have been, could have been, or in the future might be asserted in this Action or in any court, tribunal or proceeding by Lead Plaintiff or any other member of the Class, whether in an individual, class, direct, derivative, representative, legal, equitable, or any other type of capacity, against any of the Released Parties, whether under state or federal law, including but not limited to the federal securities or antitrust laws (except for the rights conferred by this Settlement), in connection with the purchase, sale or acquisition of ADPI common stock during the Class Period, and that arise out of, or that relate in any way to the acts, facts, or events alleged in the Action or any claim that was or could have been brought in the Action. The Released Claims shall include Unknown Claims, as defined below.

"**Unknown Claims**" shall mean any and all Released Claims which Lead Plaintiff or other Class members does not know or suspect to exist in his, her or its favor at the time the releases called for in the Settlement Agreement are granted, which, if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, Lead Plaintiff and the Defendants stipulate and agree that upon entry of the Final Order and Judgment, Lead Plaintiff and Defendants shall expressly, and each Class member shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

All other capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice or Settlement Agreement; in any instance in which definitions may conflict, the definition found in the Settlement Agreement shall be controlling. In order to obtain a copy of the Settlement Agreement, please see Question # 26 of the Notice.

## VIII. CERTIFICATION AND SUBSTITUTE FORM W-9

**Request for Taxpayer Identification Number (TIN)**

Enter TIN below for the beneficial owner(s). The Internal Revenue Service (IRS) requires such TIN. If you fail to provide this information, your claim may be rejected.

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Employer Identification Number (EIN for estates, trusts, corporations, etc.)   Social Security Number (SSN for individuals)

I (We) certify that I (we) am (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) I (we) am (are) exempt from backup withholding or (b) I (we) have not been notified by the IRS that I (we) am (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified me (us) that I (we) am (are) no longer subject to backup withholding.

**If the IRS has notified you that you ARE subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.**

NOTE:  If you have a joint account, only the Social Security number associated with that account is required to be provided.  However, if your account is held jointly, BOTH parties must sign the form below.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE.

I (We) have read the foregoing Claim Form and certify that all of the information contained herein, and the supporting documents attached hereto, are true, correct, and complete to the best of my (our) knowledge, information, and belief and that this Claim Form was executed on the _____ day of _____ 200__ in _____(City), _____(State),_____(Country).

_____
Signature of claimant

_____
Print your name here

_____
Signature of joint claimant, if any

_____
Print your name here

_____
Signature of person signing on behalf of claimant

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, e.g., executor, president, custodian, etc.

QUESTIONS? CALL (866) 880-8634 OR VISIT ADPISETTLEMENT.COM

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____, AND MUST BE MAILED TO:

American Dental Partners, Inc. Securities Litigation
Claims Administrator
c/o Administar Services Group
P.O. Box 56380
Jacksonville, FL 32241-6380

      A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, and if a postmark is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

      You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form.  Please notify the Claims Administrator of any change of address.

## <u>REMINDER CHECKLIST:</u>

1. Please sign the above release and certification and Substitute Form W-9.

2. Remember to attach only **copies** of acceptable supporting documentation.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original stock certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt requested, or its equivalent.  **You will bear all risks of delay or non-delivery of your claim.**

7. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at **American Dental Partners, Inc. Securities Litigation, Claims Administrator, c/o Administar Services Group, P.O. Box 56380, Jacksonville, FL 32241-6380.**

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE AMERICAN DENTAL PARTNERS, INC.
SECURITIES LITIGATION

No. 08-cv-10119-RGS
(Consolidated Action)

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,**
**PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES**
**AND EXPENSES, AND HEARING ON PROPOSED SETTLEMENT**

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED**
**AMERICAN DENTAL PARTNERS, INC. COMMON STOCK BETWEEN AND**
**INCLUDING FEBRUARY 25, 2004 AND DECEMBER 13, 2007 (THE "CLASS")**

YOU ARE HEREBY NOTIFIED that the Lead Plaintiff in the above-captioned pending

class action (the "Action") has reached a proposed settlement with the defendants, American

Dental Partners, Inc. ("ADPI"), Gregory A. Serrao, Breht T. Feigh and Mark W. Vargo

(collectively, the "Defendants"), whereby (1) Defendants will cause a total of $6,000,000.00 to

be paid out of insurance proceeds available to them under a Directors, Officers and Corporate

Liability Insurance Policy issued to ADPI, for the benefit of the Class, and (2) the Class

members will dismiss and release certain claims against the Defendants (the "Settlement").

A hearing will be held on _____, 2010, at _____, before the

Honorable Richard G. Stearns in the United States District Court for the District of

Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, MA

02210, to determine (1) whether this Action should be certified as a class action for purposes of

the Settlement; (2) whether the Settlement should be approved as fair, reasonable and adequate;

(3) whether the Action should be dismissed with prejudice against the Defendants and the claims

against the Defendants released; and (4) whether the application submitted by Lead Plaintiff's

counsel for attorneys' fees and reimbursement of expenses should be granted.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT AMOUNT.  If you have not yet received the full printed Notice of Pendency of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Hearing on Proposed Settlement and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator:

> American Dental Partners, Inc. Securities Litigation
> Claims Administrator
> c/o Administar Services Group
> P.O. Box 56380
> Jacksonville, FL 32241-6380
> Tel: (866) 880-8634

To participate in the Settlement, you will be required to submit a Claim Form no later than _____.  If you are a Class member and do not exclude yourself from the Class, you will be bound by the Final Order and Judgment of the Court.  To exclude yourself from the Class, you must submit a request for exclusion postmarked no later than _____.  Any objections to the Settlement must be filed by _____.  If you are a Class member and do not submit a proper Claim Form, you will not share in the Settlement but you nevertheless will be bound by the Final Order and Judgment of the Court.

Inquiries, other than requests for copies of the Notice and Claim Form or for inclusion on the mailing list for future notices, may be directed to Lead Counsel for the Class:

> Hung G. Ta, Esquire
> GRANT & EISENHOFER P.A.
> 485 Lexington Avenue, 29th Floor
> New York, New York 10017

BY ORDER OF THE COURT.