UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10119-RGS

IN RE AMERICAN DENTAL PARTNERS, INC.
SECURITIES LITIGATION

APPROVAL OF FEE AWARD

April 9, 2010

STEARNS, D.J.

On March 18, 2010, the court conducted a fairness hearing on the motion of Megan McIntyre, a principal of the law firm of Grant & Eisenhofer P.A. (G&E), plaintiffs' lead counsel, to approve a Settlement Amount of $6,000,000. The Settlement Agreement contemplated a negotiated attorney's fee award of 22.5% of the Settlement Amount, and costs (not to exceed $200,000). Consistent with the Settlement Agreement, G&E has petitioned the court for the approval of a fee award of $1,350,000, and a reimbursement of $108,458.28 in costs.[1]

At the hearing, the court found the proposed settlement to be "fair, adequate and reasonable," Durrett v. Hous. Auth. of Providence, 896 F.2d 600, 604 (1st Cir. 1990), and the result of arms-length bargaining. City P'Ship Co. v. Atl. Acquisition Ltd. P'Ship, 100 F.3d 1041, 1043 (1st Cir. 1996). Noting that the proposed fee award was based on a percentage of the Settlement Fund, the court requested (as it does customarily) that G&E submit a statement summarizing the hours spent in pursuit of the litigation in order to compare the percentage award with a lodestar amount. In response to the court's request,

---

[1] The court received no objections from Class Members either to the Settlement Agreement or to the fee request.


on March 22, 2010, Attorney McIntyre submitted a declaration summarizing the 3,053.50 hours expended by G&E on the case and their general allocation by task.

In common fund cases, the trend increasingly favors the calculation of a fee award by use of the percentage of the fund (POF) method. In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305, 307 (1st Cir. 1995). Under the POF method, the fee award is set at a reasonable percentage of the settlement amount. The court is not bound under the POF method to evaluate a fixed list of factors; rather, it has "extremely broad" discretion in determining an appropriate fee. Id. at 309. Here, the court has weighed counsels' "relative contribution" to the creation of the Settlement Fund, id, at 308, and the reasonableness of the time spent on the litigation, mindful of the fact that in a common fund case, the court "functions as a quasi-fiduciary to safeguard the corpus of the fund for the benefit of the plaintiff class." In re Fidelity/Micron Sec. Litig., 167 F.3d 735, 736 (1st Cir. 1999).

In this case, the court is satisfied that the fee award requested, while high in proportion to the overall settlement,[2] is justified by the complexities of the litigation and the reasonableness of the hours spent on specific tasks associated with the case, including document production and analysis, mediation efforts, and settlement negotiations. I also note that the percentage award is virtually equivalent to the lodestar amount that would have resulted had the case been billed by the hour. Consequently, I will approve the requested fee award.

SO ORDERED.

/s/ Richard G. Stearns

---

[2] The court recognizes that the Settlement Amount is constrained by the limited resources available to defendant for any payment of damages.

_____
UNITED STATES DISTRICT JUDGE