UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE AMERICAN DENTAL PARTNERS, INC. SECURITIES LITIGATION | No. 08-cv-10119-RGS (Consolidated Action) |

### [PROPOSED] FINAL ORDER AND JUDGMENT

WHEREAS, this Action came on for a Fairness Hearing on a proposed settlement (the "Settlement"), and the issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED:**

Except as otherwise defined herein, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Class Action Settlement Agreement finalized on December 15, 2009 (the "Settlement Agreement").

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

2. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action as against the Defendants.

3. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

   a. The Court finds that the Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for the reasons set out in the Preliminary Approval Order. The Court therefore finally certifies the Class for

settlement purposes consisting of all persons and entities who purchased or acquired common stock of American Dental Partners, Inc. ("ADPI") between and including February 25, 2004 and December 13, 2007 (the "Class Period"); provided, however, that the Class excludes Defendants ADPI, Gregory A. Serrao, Breht T. Feigh and Mark W. Vargo; each of ADPI's officers, directors, subsidiaries and affiliates during the Class Period; members of the Defendants' immediate families and their legal representatives, heirs, successors and assigns; any entity in which any of the foregoing have or had a controlling interest; and the directors and officers liability insurance carriers (and any affiliates or subsidiaries thereof) of ADPI. Also excluded from the Class are the entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.  Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all persons or entities reasonably identifiable who purchased or acquired ADPI common stock during the Class Period, except those persons or entities excluded from the definition of the Class, as shown by the records of ADPI's transfer agent, at the respective addresses set forth in such records. A summary notice substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over the National Circuit of *Business Wire* pursuant to the specifications of the Court. The Court finds that the form, content, and method of dissemination of the notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to all persons entitled to such notice, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended

by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

5. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed questions of fact and law:

(a) The Settlement was negotiated vigorously and at arm's length with the assistance of an experienced mediator.

(b) The Action was settled after more than a year of litigation, after Defendants' motion to dismiss was denied, and after the parties had commenced the taking of discovery, including exchanging initial disclosures, responding to requests for document production and interrogatories, and issuing subpoenas to third parties. Both Lead Plaintiff and Defendants were well-positioned to evaluate the settlement value of the Action.

(c) If the Settlement had not been achieved, both Lead Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation.

(d) The Settlement Amount of $6,000,000.00 is fair, reasonable and adequate. The Settlement Amount is within the range of settlement values obtained in similar cases and is within the range of reasonable settlements that would have been appropriate in this case.

(e) Lead Plaintiff and Defendants entered into the Settlement Agreement relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own respective counsel.

(f) No objections to the Settlement were filed.

6. Subject only to the provisions of paragraph 15 below, the Action is hereby dismissed with prejudice, with each party to bear its own costs, except as expressly provided in the Settlement Agreement.

7. Subject only to the provisions of paragraph 15 below, by operation of this judgment, Lead Plaintiff and the members of the Class, each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release all Released Claims against the Released Parties.

8. Subject only to the provisions of paragraph 15 below, by operation of this judgment, the Defendants, each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, finally and forever release all Released Defendants' Claims against Lead Plaintiff, other Class members and their attorneys.

9. The Court has reviewed the attorneys' fees, costs and expenses petition filed by Class Counsel and hereby awards $ 1,350,000. in attorneys' fees, which sum the Court finds to be fair and reasonable, and $ 108,458.28 in reimbursement of costs and expenses, which amounts shall be paid to Class Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

10. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $6,000,000.00 in cash that is already on deposit, plus interest thereon, and numerous Class members who submit acceptable Proofs of Claim will benefit from the Settlement created by Class Counsel.

(b) Approximately 14,000 copies of the Class Notice were disseminated to putative Class members indicating that Class Counsel were moving for attorneys' fees in the amount of up to 22.5% of the Settlement Amount and for reimbursement of expenses in an amount of up to $200,000.00 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Class Counsel contained in the Class Notice.

(c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy.

(d) The Action involves complex factual and legal issues and, in the absence of a settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues.

(e) Had Class Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the Class may have recovered less or nothing from the Defendants.

(f) Class Counsel have devoted over 3050 hours, with a lodestar value of $1,367,220.50, to achieve the Settlement.

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

11. The Court hereby approves the Plan of Allocation as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Final Order and Judgment, or the Settlement Agreement, or the termination of the Settlement Agreement.

14. In accordance with Section 4(f)(7)(A) of the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), and applicable case law, the Released Parties are by virtue of the Settlement hereby released and discharged from all claims for contribution that have been or may hereafter be brought by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Settlement and this Final Order and Judgment.

15. In the event that the Settlement Agreement is terminated in accordance with its terms, (i) this Final Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) the Action shall proceed as provided in the Settlement Agreement.

16.     Neither this Final Order and Judgment, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Parties may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Lead Plaintiff and members of the Class shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims against the Released Parties is asserted.

18.     Defendants shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in, any action in this or any other forum in which any of the Released Defendants' Claims is asserted against Lead Plaintiff, any Class member, or their attorneys.

19. The parties have stipulated and the Court has determined that the Court's decision to grant final approval of the Settlement set forth in the Settlement Agreement is separate from the issues raised by Class Counsel's petition for fees, costs, and expenses.

SO ORDERED.

_____
Honorable Richard G. Stearns
United States District Court Judge

Dated: 4-9-10.

# EXHIBIT 1

Special Situations Fund III QP, L.P.
Special Situations Fund III, L.P.
Special Situations Cayman Fund, L.P.

c/o Special Situation Funds
527 Madison Avenue, Suite 2600
New York, NY 10022
(212) 319-6670